IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| KALVIN SIMS,<br><br>　　　　　　　Petitioner<br><br>VS.<br><br>CALVIN MORTON, WARDEN, and<br>JAMES E. DONALD, COMMISSIONER,<br><br>　　　　　　　Respondents | NO. 5:07-CV-112 (CDL)<br><br>PROCEEDINGS UNDER 28 U.S.C. §2254<br>BEFORE THE U.S. MAGISTRATE JUDGE |

# RECOMMENDATION

Before the court is a petition seeking federal habeas corpus relief filed by Kalvin Sims. Tab #1. He has sued Calvin Morton alleging six (6) grounds for federal habeas corpus relief.[1] The petitioner subsequently amended his petition by alleging five (5) grounds for relief. Tab #6. Respondent Morton has filed a response to the petition, as amended. Tab #8. After careful consideration, the undersigned recommends that this petition be **DENIED**.

### I. Factual and Procedural Background

Petitioner Sims was indicted by a Houston County, Georgia grand jury for offenses of burglary (12 counts), financial transaction card fraud, and theft by receiving stolen property (2 counts). At a jury trial commencing March 31, 2003, he was found guilty of burglary (7 counts) and theft by receiving stolen property (2 counts). The trial court imposed a 20 year sentence for the burglary counts and a 10 year sentence for the theft by receiving counts.

---

[1]Respondent Morton is the Warden of a privately operated correctional facility. Accordingly, and for purposes of federal habeas review, the proper respondent is the Commissioner of the Georgia Department of Corrections. At the time this action was filed, this office was held by respondent Donald. Respondent Donald sought leave to intervene as a party respondent which request was granted by the undersigned. *See* Tab #9 and Tab #15.

Petitioner Sims represented himself at trial and was appointed counsel for his direct appeal. On appeal, three enumerations of error were alleged. The Georgia Court of Appeals found no error and affirmed the petitioner's convictions and sentences on February 6, 2004. *Sims v. State*, 265 Ga. App. 476, 594 S.E.2d 693 (2004). On October 15, 2004, the petitioner filed a **state** habeas corpus petition challenging his Houston County convictions wherein he raised over 25 grounds. Following an evidentiary hearing held on August 19, 2005, the **state** habeas corpus court denied relief on June 5, 2006. On February 26, 2007, the Georgia Supreme Court denied the petitioner's subsequently filed application for a certificate of probable cause to appeal. On March 26, 2007, the petitioner filed the instant **federal** habeas corpus petition. As amended, the petitioner asserts seven (7) grounds for relief therein.[2]

## II. Need for an Evidentiary Hearing

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), if an applicant has failed to develop the factual basis of a claim in state court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that: (A) the claim relies on: (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2254(e)(2).

After a review of the file, the undersigned finds that an evidentiary hearing is not warranted in this case.

---

[2] Several of the petitioner's amended grounds were identical to those raised in the original petition.

### III. Legal Standards

Under 28 U.S.C. § 2254(d), federal courts should not grant relief with respect to any claim adjudicated on the merits in state court proceedings unless that adjudication either: (1) resulted in a decision contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court or (2) resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. *Williams v. Taylor*, 529 U.S. 362, 402-13 (2000).

In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a state court, a determination of a factual issue made by a state court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### IV. Discussion

In their response to petitioner's contentions, the respondents first address the grounds listed in petitioner Sims' amended petition and then those grounds that were asserted in the original petition but not included in the amended petition. The undersigned will utilize the same format.

<u>AMENDED GROUND ONE, AMENDED GROUND FOUR, ORIGINAL GROUND FIVE</u>

In amended grounds one and four, petitioner Sims alleges ineffective assistance of appellate counsel. In particular, amended ground one asserts that appellate counsel "failed to enumerate as error surprise and prejudice of petitioner not receiving a copy of his indictments and a list of witnesses before arraignment." Amended ground four alleges that appellate counsel "failed to enumerate as error the petitioner's right to hire his own trial counsel."

With regard to these allegations, the respondents aver that the petitioner never presented these grounds to Georgia's courts and that, as such, the grounds are procedurally defaulted under Georgia's successive petition rule. O.C.G.A. § 9-14-51. Consequently, the respondents argue that this court should decline to review these grounds on the merits because such a review is barred pursuant to the holding in *Chambers v. Thompson*, 150 F.3d 1324, 1327 (11th Cir. 1998). The undersigned agrees.

According to *Chambers*, absent a showing that the grounds could not reasonably have been raised in an original or amended **state** habeas petition, consideration of such new grounds on the merits in **federal** habeas proceedings is barred. *Id.* For this reason, the petitioner's amended grounds one and four must fail.

In original ground five, the petitioner claims that the trial court erroneously refused to allow a certain video to be shown to the jury. The video, according to the petitioner, would have established an alibi defense. Upon review, it appears that this ground was not presented to Georgia's courts. As such, this ground is procedurally defaulted. Accordingly, and absent a showing that the grounds could not reasonably have been raised in an original or amended **state** habeas corpus petition, this ground must also fail.

<u>AMENDED GROUND TWO, AMENDED GROUND THREE</u>

In amended grounds two and three, the petitioner alleges ineffective assistance of appellate counsel. Amended ground two alleges that appellate counsel erroneously "failed to show the reasons that petitioner need a continuance in his appeal brief." Amended ground three contends that "appeal counsel failed to communicate adequately with the petitioner when filing brief."

It is well settled that a petitioner setting forth claims of ineffective assistance of counsel must prove two separate things in order to merit habeas corpus relief. First, he must show that his counsel's performance fell below an objective standard of reasonableness. Next, he must show that he suffered prejudice from the alleged deficiencies of his attorney. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Unlike the grounds of ineffective assistance of appellate counsel set forth in amended grounds one and four, the instant ineffective assistance of counsel claims were raised and adjudicated in the petitioner's **state** habeas corpus action. In so doing, the **state** habeas court correctly identified and properly applied the *Strickland* standard and found the claims to be without merit. In view of the foregoing, and after careful review, the undersigned finds that the decision of the state habeas corpus court was not contrary to or an unreasonable application of Federal Law. Consequently, and pursuant to the standards set forth in 28 U.S.C. § 2254(d), the petitioner is not entitled **federal** habeas relief on the ineffective assistance of counsel claims raised in amended grounds two and three.

## AMENDED GROUND FIVE

In amended ground five, the petitioner asserts he "was denied a full and fair state hearing when the [state habeas] hearing judge signed the respondents' 'proposed order-final order' which contained untrue facts." In response, the respondent argues that the petitioner's claim does not form a basis for **federal** habeas relief. The undersigned agrees. Because alleged errors in state habeas corpus proceedings do not state grounds for relief in **federal** habeas corpus, the petitioner's amended ground five is without merit. See *Quince v. Crosby*, 360 F.3d 1259, 1261-62 (11th Cir. 2004).

## ORIGINAL GROUND SIX

In original ground six, the petitioner contends that the "verdict is contrary to evidence on all charges." This ground was first raised by the petitioner in his **state** habeas corpus action. In adjudicating this claim, the state habeas court observed that petitioner Sims failed to raise this issue at trial or enumerate it as an error on direct appeal. As such, the state habeas corpus court found the claim to be procedurally defaulted pursuant to the provisions of O.C.G.A. § 9-14-48(d). Accordingly, and because the petitioner failed to show cause and actual prejudice sufficient to overcome this procedural default, the **state** habeas corpus court denied relief on this ground.

In view of the above, and in light of the holding in *Chambers v. Thompson*, 150 F.3d 1324, 1327 (11th Cir. 1998), the respondents contend that this court should defer to the **state** habeas corpus court's findings and decline to review this claim. The undersigned agrees. Because consideration of an alleged error on the merits in a Georgia habeas corpus action is statutorily conditioned upon the alleged error being preserved at trial through timely objection and then enumerated as error on direct appeal, failing to meet these conditions results in procedural default. Where, as here, the petitioner raises the error in a **federal** habeas corpus petition, the **federal** court is obliged to defer to the **state** habeas corpus court's finding of default. Accordingly, and in view of the petitioner's continued failure tp show cause and actual prejudice sufficient to overcome the default, this ground must also fail.

For the foregoing reasons, IT IS RECOMMENDED that the petition of Kalvin Sims for relief under provisions of 28 U.S.C. § 2254 be **DENIED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned, WITHIN FOURTEEN (14) DAYS after being served with a copy thereof.

**SO RECOMMENDED**, this 18th day of FEBRUARY, 2010.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE